## JOHNSON v. JOHNSON.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9100. Decided Nov. 12, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**DIVORCE AND ALIMONY.**
(230 Dc) Fact that plaintiff in divorce action had not been in county thirty days before filing of original petition, cured by filing of supplemental petition on which service was had in accordance with law, plaintiff having been resident of county more than thirty days before filing of supplemental petition.

Louis A. Perry, Cleveland, for plaintiff in error.

White, Hammond, Brewer & Curtiss, Cleveland, for defendant in error.

HISTORY:—Action in Common Pleas by Jane Johnson against Wm. Johnson, for divorce and alimony. Judgment for Jane Johnson. Wm. Johnson brings error. Judgment affirmed. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

In the court below a divorce and alimony was

granted to the plaintiff and it is to reverse that judgment that error is prosecuted here. It seems that the defendant in error was plaintiff below and formerly lived in Lake County and she moved into Cuyahoga County the eleventh day of February and shortly thereafter, perhaps two weeks, she filed a petition in this county alleging that she had been a resident of the State of Ohio for more than one year and of Cuyahoga County for more than thirty days and was a bona fide resident of Cuyahoga County. Summons was served with a copy of the petition of divorce. It was duly served and the defendant came into court and made a motion, or filed some proceedings, raising the question of the right of plaintiff to bring the action at that time in this county, because she had not lived in the county thirty days, although, as later stated, the question thus raised does not appear on review in this case, because there is no bill of exceptions to show what really took place in the court below, but that is the claim. Apparently some time in August, this having been called to the court's attention or to the attention of plaintiff's counsel, a supplemental petition was filed in exactly the same words as the original petition and upon this supplemental petition summons was served, with a copy of the supplemental petition, upon the defendant. Whether he filed an answer to the supplemental petition or not is not clear from the statements of counsel, but it is claimed that an answer had been filed to the original petition and more than six weeks after the service of summons upon the supplemental petition, the case came up for hearing before the Common Pleas Judge to whose room this case had been assigned and both parties appeared by their counsel. The case was tried before the Judge and after hearing all the testimony, he entered a decree of divorce and alimony against the defendant in favor of the plaintiff and the defendant not being satisfied, prosecuted error to this court and the only error complained of is that, because the plaintiff had not lived here thirty days when the suit was brought, there was no such thing as getting jurisdiction afterwards by filing a supplemental petition, even though a new summons was served upon the defendant after filing the supplemental petition, and the case was not heard until the full statutory period in which such case can be heard, had elapsed, to-wit, six weeks.

## VICKERY, J.

We do not so understand the law. It was to all intents and purposes a new case and issues were made up upon the new petition or at least the defendant had the right to file an answer; if he did not do it, having had service, it would then be like any other case. It is admitted that the petition might have been dismissed and re-filed and the objection would not obtain; but at best, doing it in the manner it was done, simply gave the case an earlier number. It did not affect the legal rights of the parties nor did it affect the jurisdiction of the court. In other words, if the party had not been in the county thirty days before the original petition was filed, it was cured by the supplemental petition on which service was had in accordance with law and it was upon this later supplemental petition that the decree was entered and we do not think there is any error in the court's granting the divorce as he did. He must have had sufficient evidence to warrant his action in granting the decree. At least if he did not have, there is no bill of exceptions which brings before us the evidence so that it might be reviewed. We must assume that the court acted properly.

There being nothing shown to the contrary, we can do nothing but affirm the judgment. (Sullivan, P.J., concurs, Levine, J., not participating.)